IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| KEITH E. MAUERY | ) | |
| 16 Pine Park Drive | ) | |
| Lewiston, Pennsylvania; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JANE E. MAUERY | ) | |
| 16 Pine Park Drive | ) | |
| Lewiston, Pennsylvania; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, complains of the defendants as follows:

1.  This is a civil action in which the United States seeks to reduce to judgment the Federal tax assessments made against Keith E. Mauery; to foreclose the tax liens of the United States against the subject real properties; and to obtain a judicial sale of the subject real properties, with

the proceeds from such sale being distributed according to the relative priorities of the parties' claims.

## JURISDICTION & VENUE

2. This civil action is commenced at the request of and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401, 7402(a), and 7403.

3. Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C. §§ 1331, 1340, and 1345, as well as 26 U.S.C. §§ 7402(a) and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant, Keith E. Mauery, resides within this judicial district.

7.   Defendant, Jane E. Mauery, resides within this judicial district and is named as a defendant herein pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in property that is the subject of the foreclosure suit.

## COUNT I
## REDUCE TAX ASSESSMENTS TO JUDGMENT

8.   The allegations of paragraphs 1 through 7, inclusive, are realleged and incorporated by reference.

9.   A delegate of the Secretary of Treasury of the United States assessed federal employment (Form 941) taxes and statutory additions to tax against defendant, Keith E. Mauery, for the tax periods and in the amounts set forth below, which reflect the total amounts due as of March 10, 2010:

//

//

//

| Type of Tax | Tax Period(s) Ending | Assessment Date | Amount Due |
|---|---|---|---|
| Employment Tax | 06/30/2005 | 05/18/2009 | $ 4,373.59 |
| Employment Tax | 09/30/2005 | 05/18/2009 | $ 5,241.21 |
| Employment Tax | 12/31/2005 | 03/27/2006 | $ 4,520.53 |
| Employment Tax | 03/31/2006 | 07/03/2006 | $ 4,421.78 |
| Employment Tax | 06/30/2006 | 09/16/2006 | $ 4,343.62 |
| Employment Tax | 09/30/2006 | 01/18/2007 | $ 4,398.33 |
| Employment Tax | 12/31/2006 | 03/16/2007 | $ 4,176.73 |
| Employment Tax | 03/31/2007 | 06/25/2007 | $ 4,097.78 |
| Employment Tax | 06/30/2007 | 10/01/2007 | $ 4,016.47 |
| Employment Tax | 09/30/2007 | 12/31/2007 | $ 3,944.91 |
| Employment Tax | 12/31/2007 | 03/24/2008 | $ 3,852.45 |
| Employment Tax | 03/31/2008 | 06/23/2008 | $ 3,718.95 |
| Employment Tax | 06/30/2008 | 09/22/2008 | $ 3,593.12 |
| Employment Tax | 09/30/2008 | 12/22/2008 | $ 2,551.46 |
| Employment Tax | 12/31/2008 | 03/30/2009 | $ 1,541.03 |

10.    In accordance with 26 U.S.C. § 6303, a delegate of the Secretary of the Treasury gave Keith E. Mauery proper notices and demands for payment of the tax assessments described in paragraph 9, above.

11. Keith E. Mauery has failed to pay the amounts of the outstanding federal income taxes and statutory additions to tax described in paragraph 9, above.

12. Statutory additions, interest, and costs have accrued and continue to accrue against the unpaid balances of the assessments made against Keith E. Mauery.

13. As of March 10, 2010, the balance of the unpaid assessments described in paragraph 9, above, together with statutory additions, interest, and costs, total $58,793.96.

WHEREFORE, the United States of America prays:

A. That this Court enter judgment in favor of the United States and against the defendant, Keith E. Mauery, for federal employment taxes, penalties, and interest relating to the taxable periods ended 06/30/2005 through 12/31/2008, inclusive, calculated through March 10, 2010, in the

amount of $58,793.96, plus interest and penalties that will continue to accrue thereafter according to the law until paid; and

B.   That the Court grant the United States such further relief, including its costs in prosecuting this action, as the Court deems just and equitable.

## COUNT II
### FORECLOSE FEDERAL TAX LIENS
### (31 EDGEWATER PROPERTY)

14.   The allegations of paragraphs 1 through 13, above, are realleged and incorporated by reference.

15.   By reason of the tax assessments described in paragraph 9, above, federal tax liens arose under 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property then owned or thereafter acquired by defendant Keith E. Mauery.

16.   The Internal Revenue Service filed Notices of Federal Tax Liens against Keith E. Mauery with respect to the tax assessments described in

paragraph 9, above, with the Mifflin County Prothonotary in Lewistown, Pennsylvania on the following dates:

| Tax Period Ending | Type of Tax | Taxpayer | Date Lien Filed |
|---|---|---|---|
| 06/30/2005 | Employment (941) | Keith E. Mauery | 06/10/2009 |
| 09/30/2005 | Employment (941) | Keith E. Mauery | 06/10/2009 |
| 12/31/2005 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 03/31/2006 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 06/30/2006 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 03/30/2006 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 12/31/2006 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 03/31/2007 | Employment (941) | Keith E. Mauery | 11/05/2008 |

| 06/30/2007 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| --- | --- | --- | --- |
| 09/30/2007 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 12/31/2007 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 03/31/2008 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 06/30/2008 | Employment (941) | Keith E. Mauery | 11/05/2008 |
| 09/30/2008 | Employment (941) | Keith E. Mauery | 02/04/2009 |
| 12/31/2008 | Employment (941) | Keith E. Mauery | 04/17/2009 |

17. On June 8, 1989, Grace L. Mauery conveyed certain real property commonly known as 31 Edgewater Avenue, Lewiston Pennsylvania to Keith E. Mauery and Jane E. Mauery as tenants by the entirety and more particularly described as:

ALL THAT CERTAIN Piece, parcel of real estate situate in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows.

BEGINNING at a point at the Southwest intersection of Cornell Street and Edgewater Avenue in a Plan of Lots known as the Lewistown Heights, thence along the West side of Edgewater Avenue in a Southerly direction 120 feet to a point at the Northeast corner of Lot No. 8, thence along the North side of Lot No. 8 in a Westerly direction 200 feet to the Kishacoquillas Creek, thence along the Kishacoquillas Creek in a Northerly direction 120 feet to a point on the South side of Cornell Street, thence along the South side of Cornell Street in an Easterly direction 200 feet in an Easterly direction to the Southwest corner of Cornell Street and Edgewater Avenue, the place of beginning.  Being bounded on the East by Edgewater Avenue, on the South by Lot No. 8, on the West by the Kishacoquillas Creek, and on the North by Cornell Street, and being Lots Nos. 5, 6 and 7 in a Plan of Lots known as the Lewistown Heights of record in the Office of the Recorder of Deeds of Mifflin County, in Plat Book 1, Page 78, and having thereon erected a cement block and frame building, and being shown on the Tax Records of Mifflin County as Tax Map Reference No. 16-30-720.

BEING [a part of] the same premises which Tudie E. Paul, by her Deed dated August 1, 1956 and recorded among the records of Mifflin County, Pennsylvania in Deed Book 111, Page 324, sold and conveyed to Harold E. Mauery and Grace L. Mauery, husband and wife.  The said Harold E. Mauery died, survived by his wife Grace L. Mauery, the Grantor herein, to whom title vested.

18. Under 26 U.S.C. §§ 6321 and 6322, the tax liens of the United States that arose upon assessment, notice, and failure to pay the assessed taxes attached to all property and rights to property, and any subsequently acquired property of Keith E. Mauery, including his interest in the real property described in paragraph 17, above.

19. The real property described in paragraph 17, above, should be sold to satisfy the tax liens of the United States for the unpaid tax liabilities of Keith E. Mauery.

WHEREFORE, the United States of America prays:

C. That the Court adjudge, determine, and decree that the United States is the holder of valid and subsisting tax liens that encumber the subject real property described in paragraph 17, above; that the tax liens be foreclosed against the subject real property; and that the subject real property, be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein;

D. That the Court adjudge, determine, and decree that the proceeds of the sale of the subject real property described in paragraph 17, above, be distributed first to the costs of sale; second, to any of defendants who may have and prove an interest in the proceeds from the sale of the property that is superior to the tax liens of the United States; third, to the United States in satisfaction of its claims for the taxes and statutory additions to tax as described in paragraph 9, above, plus accrued interest and penalties; fourth, to any of defendants who may have and prove an interest in the proceeds from the sale of the property inferior to the United States; and, fifth, to defendant Keith E. Mauery; and

E. That the Court grant the United States such further relief, including its costs in prosecuting this action, as the Court deems just and equitable.

## COUNT III
## FORECLOSE FEDERAL TAX LIENS
## (217-219 NORTH WALNUT STREET PROPERTY)

20.    The allegations of paragraphs 1 through 19, above, are realleged and incorporated by reference.

21.    The Internal Revenue Service filed Notices of Federal Tax Liens against Keith E. Mauery with respect to the tax assessments described in paragraph 9, above, with the Mifflin County Prothonotary in Lewistown, Pennsylvania and are more particularly described in paragraph 16, above.

22.    On January 19, 1982, Max A. Naylor and Mildred P. Naylor, conveyed certain real property commonly known as 217-219 North Walnut Street, Lewiston Pennsylvania to Keith E. Mauery and Jane E. Mauery as tenants by the entirety and more particularly described as:

> ALL that certain parcel of land situate in the Fifth Ward of the Borough of Lewiston, Mifflin County, Pennsylvania, bounded and described as follows:
>
> FRONTING forty-seven (47) feet on the South side of North Walnut Street (formerly known as West Walnut Street) and extending back, increasing width, two hundred (200) feet, more or less, to a public alley and fronting on said alley seventy-six (76) feet six (6) inches; bounded on the North by North Walnut Street, on the East and South by public alley, and on the West by Lot No. 4 in plan as laid out and surveyed by J. C. Swigart for B. F. Ruble and D. S. Price, Executors of Samuel

L. Ruble, deceased and being Lot No. 2. Having thereon erected a double frame dwelling, and other improvements. Known as 217-219 North Walnut Street, Lewistown, Penna.

Tax Map Reference No. 05-01-340.

BEING the same premises which the Russell National Bank, Guardian of the Estate of Lottie S. Alexander, an Incompetent, by its deed dated March 26, 1979 and recorded in the Recorder's Office of Mifflin County, Pennsylvania in Deed Book 238, Page 674, sold and conveyed to Max A. Naylor and Mildred P. Naylor, his wife, the Grantors herein.

23.   Under 26 U.S.C. §§ 6321 and 6322, the tax liens of the United States that arose upon assessment, notice, and failure to pay the assessed taxes attached to all property and rights to property, and any subsequently acquired property of Keith E. Mauery, including his interest in the real property described in paragraph 22, above.

24.   The real property described in paragraph 22, above, should be sold to satisfy the tax liens of the United States for the unpaid tax liabilities of Keith E. Mauery.

WHEREFORE, the United States of America prays:

F.   That the Court adjudge, determine, and decree that the United States is the holder of valid and subsisting tax liens that encumber the subject real property described in paragraph 22, above; that the tax liens be foreclosed against the subject real property; and that the subject real property, be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein;

G.   That the Court adjudge, determine, and decree that the proceeds of the sale of the subject real property described in paragraph 22, above, be distributed first to the costs of sale; second, to any of defendants who may have and prove an interest in the proceeds from the sale of the property that is superior to the tax liens of the United States; third, to the United States in satisfaction of its claims for the taxes and statutory additions to tax as described in paragraph 9, above, plus accrued interest and penalties; fourth, to any of defendants who may have and prove an

interest in the proceeds from the sale of the property inferior to the United States; and, fifth, to defendant Keith E. Mauery; and

//

//

//

    H.    That the Court grant the United States such further relief, including its costs in prosecuting this action, as the Court deems just and equitable.

Dated: July 29, 2010

PETER J. SMITH
United States Attorney

JOHN A. DICICCO
Acting Assistant Attorney General

<u>/s/ E. Christopher Lambert</u>
E. CHRISTOPHER LAMBERT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044